Mark Bennett Weintraub, OSB No. 83343
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401
Mark_Weintraub@fd.org
(541) 465-6937 (telephone)
(541) 465-6975 (facsimile)

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD DAVID MEHL,<br><br>Defendant. | CR 03-60101-AA<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |

The defendant represents to the court:

1. My name is Todd David Mehl. I am 37 years old. I have completed education up to and including 2 years of college.

2. My attorney is Mark Bennett Weintraub.

Page 1 - Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: Count 1: that (A) the defendant made up a scheme to defraud, and to obtain money (B) by material, false, and fraudulent pretenses, representations, and promises, and, (c) acting with the intent to defraud, (d) carried out an essential part of the scheme by means of a wire communication, (e) in interstate commerce, (f) in the District of Oregon.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. I this case I am pleading "GUILTY" under Rules 11(c)(1)(A) and 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:

> I plead guilty under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.

My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

> I plead guilty under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and the defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the

**Page 4 -** **Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea**

terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is twenty (20) years and a fine of $250,000.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know The Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know

that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to three years. If I violate the conditions of supervised release, I may be sent back to prison for up to two years.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not

imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition in this case does not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY". I understand that I

Page 7 - Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea

cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following Count: 1.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> Count 1: On or about August 22, 2002, in the District of Oregon and elsewhere, I, for purposes of executing a scheme to defraud, acting with the intent to defraud, and to obtain money by material, false and fraudulent pretenses, representations, and promises, did knowingly cause Jim Traughber to transfer $200,000.00 by means of a wire communication in interstate commerce from the CitiBank New York, New York City, New York account of Raymond James Financial Services, Inc., to the account of Randen Traughber at U.S. Bank, Bend, Oregon.

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and

**Page 8 - Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea**

with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

**Page 9 -**     **Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea**

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 14 day of September, 2005.

_____
Todd David Mehl
Defendant

**Page 10 -** Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea

# CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Todd David Mehl, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 14th day of September, 2005.

---
Mark Bennett Weintraub
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 14 of September, 2005, in open court.

_____
Ann Aiken
U.S. District Court Judge



U.S. Department of Justice
Karin J. Immergut
United States Attorney
District of Oregon
701 High Street          (541) 465-6771
Eugene, OR  97401-2798   Fax: (541)465-6917

September 13, 2005

Mr. Mark Weintraub
Assistant Public Defender
151 West 7th Ave., Suite 510
Eugene, OR 97401

      Re:   United States v. Todd Mehl   CR 03-60101-AA
             Plea Agreement

Dear Mark:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant above, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime of wire fraud in violation of 18 U.S.C. § 1343.

3. **Penalties and Restitution**: The maximum sentence is 20 years imprisonment, a fine of $250,000, at least 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done. Defendant will also be subject to mandatory restitution for losses caused by him, as the court will explain further at the time of the guilty plea.

4. **Dismissal/No Prosecution**: The USAO agrees to dismiss other charges pending against defendant and agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that pursuant to United States v. Booker/Fanfan, 125 S.Ct. 738 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (USSG). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The

parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct under the applicable 2000 Guidelines Manual pursuant to USSG §§ 1B1.3 and 2B1.1 is a loss of more than $400,000, but not more than $1,000,000. Defendant understands that under relevant conduct considerations, acts beyond those charged in Count 1 may be considered by the court in imposing a sentence. The USAO agrees not to seek any other upward adjustments under the guidelines.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under USSG 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three (3) level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Low End Range**: The USAO will recommend the low end of the applicable guideline range so long as defendant demonstrates an acceptance of responsibility as explained above.

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapter 5K or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. If the court imposes a sentence consistent with the guideline range recommended in the plea agreement, defendant hereby waives his right to appeal any aspect of the conviction or sentence. Should defendant seek an appeal despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Not Bound**: The court is not bound by the recommendations of the parties

Mr. Mark Weintraub
Re: Mehl Plea Letter
Page 3

or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

KARIN J. IMMERGUT
United States Attorney

JEFFREY J. KENT
Assistant U.S. Attorney

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

9/14/05
Date

_____
Defendant


I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

9/14/05
Date

_____
Attorney for Defendant


I have translated the above document verbatim to defendant as the interpreter in this case. I fully and accurately translated discussions between defendant and the attorney.

_____
Date

_____
Interpreter (if necessary)